IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01981-PSF-MEH

DELORES F. REQUA and
LYNN REQUA,

      Plaintiffs,

v.

C.B. FLEET HOLDING COMPANY, INCORPORATED; and
C.B. FLEET COMPANY, INCORPORATED;

      Defendants.

---

## ORDER ON PLAINTIFF'S MOTIONS TO COMPEL

---

Before the Court are Plaintiff's Notice and Motion to Compel Responses to Plaintiffs' First

Request for Production to the "Fleet Defendants" [Docket #30] and Plaintiff's Motion to Compel

C.B. Fleet Copany, Inc. [sic] to Designate and Produce A Witness Pursuant to Rule(b)(6) F.R.C.P.

and for Sanctions [Docket #33].  The matters have been referred to this Court for resolution [Docket

##31, 35].  Oral argument was heard on these matters on July 27, 2007.  For the reasons stated

below, the Court **grants in part and denies in part** both Motions.

## I.     Motion to Compel Responses

Plaintiff objects to Defendant's production because Defendant simply produced nearly

100,000 pages of documents without identifying which documents respond to which requests.

Defendant contends that it produced the documents as kept in the usual course of business and that

it provided Plaintiff with an index for the production.

Pursuant to Rule 34, "[a] party who produces documents for inspection shall produce them

as they are kept in the usual course of business or shall organize and label them to correspond with

the categories in the request." Fed. R. Civ. P. 34.  Defendant argues that is has met this requirement, but it appears to the Court that some supplementation is necessary.  Defendant contends that its records are kept by reference to each custodian, but it has produced the documents based on six relevant categories.  To comply with Rule 34, Defendant must specify, for each of the six categories, the documents produced from each custodian.  Thus, a sub-category for each of the six categories should be specified by custodian.  This addition to Defendant's production will enable Plaintiffs to obtain, with reasonable effort, the documents responsive to their requests.  To this extent, Plaintiff's Motion is granted.  It is denied in all other respects.  Defendant shall produce the sub-categories specified herein on or before **August 13, 2007**.

Plaintiff also objects to redactions by Defendant from the productions.  However, at the hearing, Defendant testified that all redactions were of matters not relevant to this case.  Although the Court found no authority for redacting information simply because it is irrelevant, Plaintiff does not object to this.  Plaintiff objects on the basis that it believes more information exists than is represented by Defendant's responses.  This issue goes to the sufficiency of the responses, which was not properly raised by Plaintiff, neither has there been any allegation that Defendant has withheld relevant information that it possesses.  In fact, Defendant's counsel stated on the record that Defendant is continuing to review documents from 2006 and 2007 to supplement responses.  To this extend, Plaintiff's Motion is also denied.

## II.     Motion to Compel Rule 30(b)(6) deposition

Plaintiff seeks a deposition of corporate Defendant C.B. Fleet Company, Inc.  Defendant objects that this is a burdensome form of discovery and that it wishes to simply designate former deposition testimony of employees as responsive to certain topics.  As an initial matter, the Court

2

must point out that Defendant's refusal to designate a witness without filing a motion for protective

order is unsupported by the Federal Rules of Civil Procedure, as well as the Local Rules for the

District of Colorado.  Defendant should have timely filed a Motion for Protective, which would allow

this Court to properly consider the scope of the deposition notice.

In addition, and as discussed at the hearing, Defendant's objection on the basis that this is a

burdensome form of discovery is not well founded.  In fact, a Rule 30(b)(6) is a common form of

discovery against a corporation and is often the most efficient means of obtaining discovery.  While

the requirement to designate a knowledgeable witness can be burdensome, this burden is neither

extraordinary nor unreasonable.  *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996)

("The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However,

this is merely the result of the concomitant obligation from the privilege of being able to use the

corporate form in order to conduct business.").

Although Defendant is in litigation around the country, Defendant has not been deposed in

any other lawsuit, and the character of a Rule 30(b)(6) deposition is qualitatively different from the

individual deposition on which Defendant seeks to rely.  *Alloc, Inc. v. Unilin Decor N.V.*, No. 02-

1266, 2006 U.S. Dist. LEXIS 65889 (E.D. Wis. Aug. 29, 2006).  While prior testimony can be

designated by the corporation to satisfy a Rule 30(b)(6) deposition, this is most appropriate when the

prior witness is the most knowledgeable on the subject and has been previously deposed by opposing

counsel with regard to that topic.  *See Novartis Pharms. Corp. v. Abott Labs.*, 203 F.R.D. 159, 163

(D. Del. 2001).  Here, the prior testimony Defendant seeks to designate is from a different case in

which unrelated counsel questioned an employee.  Plaintiff has the right to seek information for

herself based on the claims she has presented, especially when Defendant has never been subject to

3

a Rule 30(b)(6) deposition on any of these topics.  To this extend, Plaintiff's Motion to Compel is granted.  Counsel shall work together to set a date for this deposition to occur no later than **September 14, 2007**.  Because counsel did work together and cancelled the deposition, and thus Defendant did not fail to appear, the Court believes that sanctions are inappropriate at this time.

## III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Notice and Motion to Compel Responses to Plaintiffs' First Request for Production to the "Fleet Defendants" [Filed June 22, 2007; Docket #30] and Plaintiff's Motion to Compel C.B. Fleet Copany, Inc. [sic] to Designate and Produce A Witness Pursuant to Rule(b)(6) F.R.C.P. and for Sanctions [Filed July 12, 2007; Docket #33] are **granted in part and denied in part** as specified herein.

Dated at Denver, Colorado, this 31st day of July, 2007.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge